IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICARDO EXUM,

    Plaintiff,

    v.

L.T. DONNA, *et al.*,

    Defendants.

Civil Action No.:  JRR-23-2888

## MEMORANDUM OPINION

Pending before the court is the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Defendants Warden Robert Dean, Lieutenant Donna, Captain Venable, Sergeant Jordan, and Correctional Officer II Curtis.[1] ECF No. 18 (hereafter the "Motion").  Defendants seek dismissal in their favor on the claims asserted against them in Plaintiff Eric Ricardo Exum's Amended Complaint (ECF No. 6).  Mr. Exum was advised of his opportunity to respond to the Motion (ECF No. 19).  His pending Motion for Extension of Time to do so (ECF No. 22) is granted nunc pro tunc.  Upon review of the record, a hearing is not necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons stated below, Mr. Exum's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 23), filed in response to Defendants' Motion, shall be denied.[2]  Defendants' Motion, shall be granted.

## BACKGROUND

Mr. Exum, a self-represented plaintiff, filed his Amended Complaint on December 8, 2024, while incarcerated at Jessup Correctional Institution ("JCI").  ECF No. 6.  Mr. Exum explains that

---

[1] The Clerk shall amend the docket to reflect the names of Defendants as reflected herein.

[2] Mr. Exum's Motion seeks summary judgment in his favor and argues in opposition to Defendants' dispositive Motion.

he is a wheelchair user and, on May 16, 2023, sustained injuries when he fell in a cell that was not wheelchair accessible.  ECF No. 6 at 4.

In support of his claim he states that each Defendant bears the "sole duty and responsibility" for his injuries.  ECF No. 6 at 4.  Mr. Exum claims that each Defendant violated his "constitutional rights, the Eight[h] Amendment, Due Process of Law and A.D.A. guidelines (ADA/Section 504 of the Rehabilitation Act." *Id.*

Mr. Exum alleges that Warden Robert Dean "is the overseer of his subordinates['] action and day to day duty of responsibilities." ECF No. 6 at 4.  In support of his claims, he alleges that on an unspecified day, Captain Venable "was put on notice of the situation at hand, she acted in bad faith, she told me to return to my cell and she will talk with her (Lt. Donna)." *Id.*  The next day, Mr. Exum avers, he was attacked. *Id.* at 5. He does not provide any details of the attack or identify who his attackers were. *Id.* Mr. Exum states that Sgt. Jordan is "accountable as he was aware of the incident," because he was the building sergeant and chose "not to intervene in Lt. (Donna) misconduct". *Id.*  Lastly, Mr. Exum alleges that Lt. Donna is responsible for his injuries because she did not care if the cell she moved him into was wheelchair accessible. *Id.* Mr. Exum states that Lt. Donna was aware of his handicap but nevertheless gave him a direct order to move into the cell in disregard of his safety, thus demonstrating deliberate indifference in violation of his Eighth Amendment rights and ADA guidelines. *Id.*

Mr. Exum provides additional factual details[3] and legal arguments regarding his claims in his Motion to Dismiss or, in the Alternative for Summary Judgment. ECF No. 23.  He explains

---

[3] The court will not address these new factual assertions because an opposition to a dispositive motion is not a vehicle to amend a pleading.  *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 692 (D. Md. 2017) (explaining that it is axiomatic that a plaintiff may not use a memorandum in opposition to a motion to amend the complaint); *Allegis Grp., Inc. v. Bero*, 689 F. Supp. 3d 81, 142 (D. Md. 2023) (same); *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)), *aff'd,* 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs,* 965 F. Supp. 741, 748 n. 4 (D. Md. 1997) (holding that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the

that on May 15, 2023, he was housed in Cell #CB-205, a handicap and wheelchair accessible cell. ECF No. 23 at 1. He seemingly claims that he was assaulted on that day and, on the following day, Lt. Donna, through Sgt. Jordan, directed Mr. Exum to vacate Cell #CB-205. *Id*. Mr. Exum states that "[t]he Defendant became (Fully Liable) when he became, fully aware of the possible danger ahead, but chose not to intervene." ECF No. 23 at 1-2; *see also* ECF No. 23 at 4 ("Sgt. Jordan and Lt. Donna both became liable when they both was fully aware of possible danger ahead." (sic)).

Mr. Exum attaches to his dispositive Motion a copy of ARP JCI0592023 filed by him on May 25, 2023, wherein he complained that, on May 15, 2023, Officer Curtis advised him that, per Lt. Donna, Mr. Exum was going to receive a cellmate. ECF No. 23-1 at 1. Mr. Exum advised Curtis that would not work because he had been placed in that cell after a 2020 assault and the cell was not large enough to accommodate two inmates due to Mr. Exum's limited use of the right side of his body and lower extremities. *Id*. at 1-2. Mr. Exum advised Lt. Donna that he would not allow himself to be assaulted again; Lt. Donna is alleged to have responded that Mr. Exum would be moved to another cell. *Id.* at 2. Mr. Exum alleges he asked if the new cell was handicap accessible; Lt. Donna responded that it was not and directed Mr. Exum to pack his belongings. *Id.* Instead, Mr. Exum left Lt. Donna and Sgt. Jordan, and went to see Captain Venable about his concerns. *Id*. Captain Venable directed Mr. Exum to return to his housing unit and advised he (Captain Venable) would speak to Lt. Donna. *Id.* The next day, Lt. Donna again directed Mr. Exum to move from his handicap accessible cell to a non-wheelchair accessible cell. *Id*. at 2-3. Mr. Exum asserted in his ARP that Lt. Donna's conduct was harassing, threatening, and retaliatory: she deliberately put

---

complaint"), *aff'd,* 141 F.3d 1162 (4th Cir. 1998). The facts provided in Mr. Exum's motion and attachment are provided here to provide better understanding to his claim.

him in harm's way, which caused him to fall resulting in a small laceration over his right eye. *Id.* at 3.

Through their Motion, Defendants argue they are entitled to dismissal of the Complaint or, alternatively, summary judgment, because: (1) the Eighth Amendment bars suit against Defendants in their official capacities; (2) Defendants are entitled to dismissal of Mr. Exum's ADA claims; (3) Mr. Exum's Amended Complaint fails to state a claim; (4) Mr. Exum fails to allege facts against Defendant Curtis; (4) Mr. Exum failed to allege personal participation by Defendants; (5) Mr. Exum fails to state a claim of supervisory liability against Defendants Dean and Jordan; and (6) Defendants are entitled to qualified immunity.

## STANDARD OF REVIEW

### A. Motion to Dismiss

Defendants' Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rules of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). Defendants do not, however, provide any additional materials for the court's consideration. Their Motion shall be considered under Rule 12(b)(6).

In reviewing the Amended Complaint in light of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Because Mr. Exum is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears

'*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.* Moreover,  the court must also abide the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### D.    Summary Judgment

Mr. Exum filed a Motion to Dismiss, or in the Alternative for Summary Judgment, which is supported by an exhibit. The court construes the motion to be an opposition to Defendants' dispositive motion and a motion for summary judgment in his favor. Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat.*, 346 F.3d at 525  (alteration in original) (quoting FED. R. CIV. P. 56(e)).   The court "view[s] the evidence in the light most favorable to . . . the nonmovant, and draw[s] all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45.  Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48.  If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).  On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.  And "the mere existence of a

scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

## DISCUSSION

### A. Official Capacity Claims

Defendants correctly argue that the individual Defendants, to the extent they are sued in their official capacities, are immune from suit under the Eleventh Amendment to the United States Constitution. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As such, Mr. Exum's official capacity claims are dismissed as to all Defendants, as he plainly sues them in their official capacities based on the nature of the allegations and the circumstances of the complained-of conduct; and Mr. Exum does not contend to the contrary.

### B. Personal Participation

Defendants further assert that Mr. Exum fails to allege Defendants' personal participation in the events complained of or that supervisory liability exists, and they are therefore entitled to dismissal on this basis.

In a suit arising under 42 U.S.C. § 1983, liability attaches only upon a defendant's personal participation in the constitutional violation and the doctrine of respondeat superior generally does not apply. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials under § 1983 "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, a plaintiff must allege that (1) the supervisor had actual or constructive knowledge that the subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Such allegations are lacking here.

Here, Mr. Exum fails to allege any facts in his Amended Complaint as to the conduct of Defendant Curtis. As noted, liability under §1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Other than being named in the caption of the Amended Complaint, Defendant Curtis is not mentioned anywhere in the factual allegations of the Amended Complaint. Mr. Exum does not attribute any action or inaction to Defendant Curtis that resulted in his being moved to a non-wheelchair accessible cell. Simply stated, Mr. Exum's allegations fail to state a claim against Defendant Curtis. As such the Amended Complaint must be dismissed as to Defendant Curtis.

Mr. Exum's claims against Warden Dean and Sgt. Jordan must also be dismissed as they are premised on their respective supervisory roles. Mr. Exum asserts that Warden Robert Dean was responsible for overseeing all of his subordinates and Sgt. Jordan was responsible because he was the building sergeant. Mr. Exum fails to allege that either Warden Dean or Sgt. Jordan had actual or constructive knowledge that the conduct of any of the other named Defendants posed a risk of harm to Mr. Exum. *See Ford v. Hooks*, 108 F.4th 224, 231 (4th Cir. 2024) (describing

required subjective knowledge of prison officials as a conscious disregard). Mr. Exum's claims against the supervisory defendants are wholly conclusory and divorced from any factual allegations in his Complaint. Mr. Exum fails to allege facts which, if true, would establish such liability, as he alleges no action (or inaction) on the part of supervisory defendants that resulted in a constitutional injury. These conclusory statements do not support a claim for supervisory liability. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As such the Amended Complaint must be dismissed as to Warden Dean and Sgt. Jordan.

### C. Americans with Disabilities Act ("ADA")

To the extent Mr. Exum alleges that his rights under the ADA and the Rehabilitation Act were violated when he was assigned to a non-handicap/non-wheelchair accessible cell, his claim must be dismissed. Title II of the ADA[4] provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). These statutes generally are construed to impose the same requirements due to the similarity of their language. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

---

[4] Title II of the ADA applies to state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (stating that "[s]tate prisons fall squarely within the statutory definition of 'public entity . . . .'").

To state a claim under Title II of the ADA or the Rehabilitation Act, a plaintiff must plausibly allege that: (1) he has a disability; (2) he was excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–03 (4th Cir. 2016). "Discrimination" barred by Title II includes "a failure to make reasonable modifications" that are "necessary" to provide a disabled individual with "full and equal enjoyment" of the facility's services. *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012).

Mr. Exum's claim fails because the ADA and the Rehabilitation Act apply solely to public entities; thus, Mr. Exum's claims under these statutes cannot proceed against the individually named Defendants. *See* 42 U.S.C. § 12131(1) (stating that "[t]he term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government"); *Baird*, 192 F.3d at 471 (upholding the dismissal of ADA claims against individuals because Title II recognizes a cause of action only against public entities, not private individuals); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (joining the Fifth, Eighth, and Eleventh Circuits in holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act"). Because the individually named Defendants are not proper defendants for the ADA or Rehabilitation claims, the court will grant the Motion to Dismiss as to Mr. Exum's ADA and Rehabilitation Act claims as to all Defendants.

### D. Eighth Amendment

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)).  Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.  In order to establish the imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was objectively sufficiently serious,' and that subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).  "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

The objective prong of a conditions of confinement claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)).  Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms."

12

*Helling v. McKinney*, 509 U.S. 25, 33–34 (1993); *Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011).

To establish a sufficiently culpable state of mind, a plaintiff demonstrate deliberate indifference in that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (applying the deliberate indifference standard to conditions of confinement claims). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Mr. Exum must prove that "'the prison official must have both subjectively recognized a risk of substantial harm and subjectively recognized that his actions were inappropriate in light of that risk." *Campbell v. Florian*, 972 F.3d 385, 395 (4th Cir. 2020) (citations and quotation marks omitted). Mere negligence in failing to protect in inmate is insufficient to state an Eighth Amendment claim. *See United States v. Roberts*, 915 F. 2d 889, 891 (4th Cir. 1990); *Greyson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) (negligent failure of prison staff to protect inmate from attack by another inmate fails to state a claim).

Mr. Exum's Amended Complaint fails to allege facts, taken as true, that could reasonably establish Eighth Amendment liability as to any Defendant. Specifically, even broadly construed, his pleading fails to allege that any Defendant was subjectively and deliberately indifferent to his housing needs. Absent that foundation, the pleading lacks any foundation on which a reasonable inference could be drawn that Mr. Exum was subjected to a risk of harm about which Defendants had constructive or actual notice. While Mr. Exum alleges that he is a wheelchair user and was moved from a wheelchair accessible cell to what he describes as a non-handicap accessible or non-

wheelchair accessible cell, he fails to allege that any Defendant was aware, or should have been aware, that his assignment to such a cell would create a substantial risk of serious harm.

Mr. Exum alleges that Captain Venable was on notice of his cell assignment and advised she would speak with Lt. Donna, that Sgt. Jordan was "aware of the incident" and did not intervene, and that Lt. Donna is responsible for his injuries because she directed his cell be moved. Despite Mr. Exum's use of a wheelchair, he does not allege that he had a medical order directing that he only be housed in a wheelchair or handicap accessible cell; nor does he describe the cell he was assigned to; explain how the cell created a risk of harm to him; or explain whether that information was known or should have been known to any Defendant. In short, Mr. Exum fails to allege the type of subjective knowledge required to support a claim of deliberate indifference. As such, the Amended Complaint must be dismissed.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment, construed as a Motion to Dismiss, is granted; and Mr. Exum's Motion to Dismiss, or in the Alternative Motion for Summary Judgment is denied. A separate Order follows.

/S/

March 5, 2025
Date

Julie R. Rubin
United States District Judge